IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAYNARD GRAVES | : | |
| --- | --- | --- |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 09-4167 |
| RICARDO MARTINEZ, et al. | : | |

### MEMORANDUM RE: PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

**Baylson, J.**                                                                                **August 20, 2010**

**I.    INTRODUCTION**

Petitioner, Raynard Graves, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). The undersigned referred the case to Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R & R") on the merits. Magistrate Judge Perkin filed his R & R on February 24, 2010 (Doc. 13), and presently before the Court is Petitioner's Objection to Report and Recommendation for Dismissal, which he filed on April 27, 2010.[1] (Doc. 18).

Upon independent and thorough review, and for the reasons stated below, the Court will deny Petitioner's objections and accepts Magistrate Judge Perkin's R & R.

**II.    BACKGROUND**

    **A.    Facts and Procedural History**

After a jury trial from May 1, 1995 through May 3, 1995 before the Honorable Gary S. Glazer of the Court of Common Pleas of Philadelphia County, Petitioner was found guilty of

---

[1] This reflects the date given by Petitioner; the date-stamp from the Clerk of Court indicates that the objections were received on April 30, 2010, and filed on May 5, 2010.

1

aggravated assault, reckless endangerment, and firearms violations.[2]  After a jury trial on May 17, 1995, also before Judge Glazer, Petitioner was found guilty of four counts of robbery and possessing an instrument of crime.[3]  Petitioner was sentenced to 52.5 to 105 years in prison by Judge Glazer on June 30, 1995.  The Pennsylvania Superior Court affirmed the sentence on May 16, 1997.  Commonwealth v. Graves, No. 2484 EDA 1995 (Pa. Super. 1995).  On March 16, 1998, the Pennsylvania Supreme Court denied review.  Commonwealth v. Graves, No. 281 E.D. Allocatur Docket 1997.

On March 19, 1999, Petitioner filed a pro se petition for writ of habeas corpus in federal court.  Petitioner, however, did not file his petition with the standard 28 U.S.C. § 2254 form, as required by Local Rule of Civil Procedure 9.3, and was ordered by the Honorable Franklin S. Antwerpen to file the correct form within sixty days.  Petitioner filed the form on August 2, 1999, twenty-four days late.  In addition, Petitioner wrote "See Attachment" where the most crucial information was requested, in violation of Local Rule 9.3.  Consequently, Judge Van Antwerpen entered an order dismissing the petition on August 4, 1999.

On December 27, 2007, Petitioner filed a pro se petition for state post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541 et seq.  Counsel was appointed, but after reviewing the record, she advised Petitioner and the court in a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), that Petitioner's claims were untimely and thus, there were no other issues of arguable merit which

---

[2] These charges arose from a gun battle in South Philadelphia during which a 12-year-old victim sustained a bullet wound to her left leg.

[3] These charges arose from Petitioner's commission of four separate shotgun robberies of delivery people.

could be raised in an amended petition. The PCRA court dismissed the petition on November 5, 2008. Commonwealth v. Graves, No. 00861 October Term, 1994 (Phila. C.C.P. Nov. 5, 2008). Petitioner timely appealed the PCRA court's dismissal. Subsequently, on August 18, 2009, the Pennsylvania Superior Court affirmed the denial of Petitioner's PCRA petition as untimely. Commonwealth v. Graves, No. 3331 EDA 2008 (Pa. Super. 2009). Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.[4]

Petitioner executed his pro se Petition for Writ of Habeas Corpus in federal court on September 8, 2009, and it was filed with the Clerk of Court on September 14, 2009. By Order entered on November 4, 2009, the undersigned dismissed the Petition without prejudice as defective for several reasons, namely: (1) it appeared to be a consolidated petition and therefore was improper, as each conviction must be attacked separately; (2) it appeared that Petitioner already filed petitions for habeas relief which attacked a 1994 conviction for aggravated assault and a 1995 federal conviction for robbery; and (3) Petitioner had not used the Court's current forms. Petitioner was furnished with a blank copy of the Court's current § 2254 petition form and a form application to proceed in forma pauperis.

Petitioner executed the revised pro se Petition for Writ of Habeas Corpus on November 12, 2009, and it was filed with the Clerk of Court on November 18, 2009. Petitioner cited several grounds for relief in his Petition, specifically: (1) "Jury error - protection defense disallowed"; (2) "Jury instruction error - elements of conspiracy"; (3) "Lack of jurisdiction - due

---

[4] Petitioner appended to the instant Petition for Writ of Habeas Corpus a document entitled "Application for Permission to Appeal to the Supreme Court of Pennsylvania." As Respondents correctly note, the filing of a petition for allowance of appeal in the Pennsylvania Supreme Court has no impact on the proper resolution of the instant habeas petition nor is there any evidence that Petitioner actually filed such petition.

3

to incompetent complainant"; (4) "Fifth Amendment violation - denied fair trial"; (5) "Defendant was denied the right to Confrontation"; (6) "Trial Court erroneously rules that Motion for relief under the 'Miscarriage of Justice' clause was untimely, and that 'Habeus [sic] relief is not available from the Commonwealth'"; (7) "Both Counsels were ineffective for allowing the violation stated in complaint #6"; and (8) "Council [sic] appointed to the PCRA claim was ineffective."

The Commonwealth filed its Response to the Petition on February 16, 2010. (Doc. 12). The government argued that the Petition should be denied because it is time barred. Petitioner did not offer any submission in response.

**B.      Summary of the Magistrate Judge's R & R**

Magistrate Judge Perkin issued his R & R on February 24, 2010, recommending that the Petition be dismissed as untimely filed. Magistrate Judge Perkin first determined that the Petition was not barred as a second or successive petition under 28 U.S.C. § 2244(b), as Petitioner's 1999 habeas petition was dismissed on a procedural basis. Magistrate Judge Perkin concluded, however, that the Petition is time barred in its entirety under the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2244(d). (Doc. 13 at 16). Magistrate Judge Perkin found that Petitioner's conviction became final on June 14, 1998, upon the expiration of his time for seeking review of his direct appeal in the United States Supreme Court, and the statute of limitations began to run on that date. Accounting for periods of statutory tolling, Magistrate Judge Perkin determined that the AEDPA statute of limitations expired on June 14, 1999. (Doc. 13 at 11). According to the R & R, the instant Petition was filed on September 8, 2009, over ten years after the deadline had passed.

Magistrate Judge Perkin next concluded that Petitioner did not allege any circumstances that would justify equitable tolling, as he did not indicate any steps that he took to timely file the instant Petition nor did he offer any explanation for his delay of over ten years before bringing these claims to federal court. (Doc. 13 at 14-15). Magistrate Judge Perkin found that a reasonably diligent petitioner would have acted promptly to preserve his rights in state court as well as in federal court and that, given Petitioner's inaction in timely exercising his rights, equitable tolling cannot apply in this case to render the instant Petition timely.

Magistrate Judge Perkin also found that Petitioner has not alleged any alternate start date for the tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 13 at 15).

### III. PETITIONER'S OBJECTIONS

Petitioner filed a Motion for Stay of Proceeding (Doc. 15), dated March 11, 2010. Petitioner asserted that he has limited access to Pennsylvania annotated legal materials while incarcerated at U.S.P. Allenwood and, thus, his ability to effectively challenge the Magistrate Judge's R & R is extremely impaired. Petitioner also asserted that it is his fundamental right for prison authorities to assist in preparation and filing of legal papers and that he have access to adequate law libraries or assistance from persons trained in the law. Lastly, Petitioner asserted that equitable tolling is clearly applicable in this case. On April 9, 2010, the undersigned granted in part and denied in part Petitioner's Motion, requiring Petitioner to file objections to the R & R and any supporting brief within 30 days, limited to issue of whether Petitioner's request for relief is time barred. (Doc. 17).

On April 27, 2010, Petitioner submitted his objections to the R & R. (Doc. 18). Petitioner asserts that his Petition is not subject to a time bar because he is actually innocent and

that the Court's Order unfairly requires him to refute the time bar claim without "allowing him additional time to file other objections."[5]

IV. **STANDARD OF REVIEW**

In ruling on objections to the R & R of a United States Magistrate Judge, this Court reviews de novo only those findings of the R & R to which a petitioner specifically objects. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72. When reviewing documents filed pro se a court must keep in mind that "[a] document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

V. **DISCUSSION**

Petitioner's claims for federal habeas relief are governed by the limitations period set forth in 28 U.S.C. § 2244(d), which provides, in relevant part:

> (1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[5] In his objections, Petitioner provides several reasons for why his conviction and sentence were erroneous: (1) "regarding the shooting incident, he acted with justification to protect those around him from a group of intruders who opened pistol fire on the street endangering his neighbors"; (2) the state's claim that the child was shot is dishonest and there is no evidence to support such a claim; (3) "regarding the robberies, he is not guilty and the government illegally intimidated his roommate to testify against him by threatening to take her child" and put the child into foster care unless she complied with the State's demands, after the roommate had invoked her Fifth Amendment right to protection against self-incrimination. (Doc. 18).

Petitioner does not challenge, and this Court's review of the record confirms, that absent a showing of equitable tolling, Petitioner's claims for federal habeas relief are time barred. Petitioner asserts, however, that contrary to Magistrate Judge Perkin's conclusion, the limitations period governing his Petition should have been equitably tolled due to his claims of actual innocence.

The United States Court of Appeals for the Third Circuit has held that § 2244(d)(1)'s limitations period is subject to equitable tolling in circumstances where "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights . . . [and has] show[n] that he or she exercised reasonable diligence in investigating and bringing the claims." Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998) (internal quotation marks and original alteration marks omitted). The Third Circuit has identified four situations where equitable tolling may be appropriate: (1) "the defendant has actively misled the plaintiff," (2) "the plaintiff has in some extraordinary way been prevented from asserting his rights," (3) "the plaintiff has timely asserted his rights mistakenly in the wrong forum," and (4) "in a Title VII action when a claimant received inadequate notice of her right to file suit, where a motion for appointment for counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotation marks and alteration marks omitted). Although this list is not exhaustive, it reflects the underlying principle that equitable tolling should only be invoked in the most extreme circumstances. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (recognizing that "courts must be sparing in their use of equitable tolling"); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements

7

established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

To establish that equitable tolling is warranted, a petitioner must show that he acted with reasonable diligence in pursuing his claims and that extraordinary circumstances caused his petition to be untimely. Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004); see New Castle Cty. v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) (requiring petitioner to demonstrate reasonable diligence in order to make a successful claim for equitable tolling). A court examines a petitioner's due diligence in light of the specific circumstances he faced. Schlueter, 384 F.3d at 77. It is the habeas petitioner's burden to demonstrate the presence of extraordinary circumstances as well as his reasonable diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 F. App'x 258, 260 (3d Cir. 2003) (nonprecedential).

In the present case, Petitioner has not alleged any circumstances that would justify equitable tolling. A reasonably diligent petitioner would have acted swiftly to preserve his rights in state court as well as in federal court. Petitioner has not shown that he took any steps to timely file the instant federal Petition, and offers no explanation for his delay of over ten years before bringing these claims to federal court.

As to Petitioner's claim of actual innocence, "[t]he Third Circuit has not yet decided whether [such] a claim . . . may equitably toll the one-year filing period under 28 U.S.C. § 2244(d)." McKeever v. Warden, 486 F.3d 81, 84 n.5 (3d Cir. 2007). As Respondents note, several circuits have examined the potential for an actual innocence exception to the one-year statute of limitations without clear consensus, and the United States Supreme Court has not addressed the issue. However, "[a]ssuming a viable claim of actual innocence could equitably

8

toll the [AEDPA] limitations period, [the petitioner] must offer 'new reliable evidence' showing it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Hayman v. Pennsylvania, 624 F. Supp. 2d 378, 394 (E.D. Pa. 2009) (Fullam, J., adopting Rice, M.J.) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  Such evidence includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner has not provided any "new reliable evidence" - such as scientific evidence, eyewitness accounts, or physical evidence - that would meet the Schlup criteria stated above. Absent any new evidence demonstrating Petitioner's actual innocence, this Court cannot find that "it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Hayman, 624 F. Supp. 2d at 394 (quoting Schlup, 513 U.S. at 324).

Petitioner has not offered any evidence that would support an actual innocence claim. Furthermore, Petitioner has not demonstrated reasonable diligence in pursuing his claim and has not offered any excusing explanation for why he waited over ten years to file the instant Petition. Consequently, neither statutory nor equitable tolling apply to render the instant Petition timely.

### VI.    CONCLUSION

For the reasons stated above, the Court will adopt the R & R and deny the Petition for Writ of Habeas Corpus.

An appropriate order follows.

O:\CIVIL 09-10\09-4167 Graves v. Martinez\Graves v. Martinez - Mem re habeas petition.wpd