# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYNARD GRAVES,**<br>     **Petitioner,**<br><br>          v.<br><br>**RICARDO MARTINEZ, et al.,**<br>     **Respondents.** | **CIVIL ACTION**<br><br>**NO. 09-4167** |

## MEMORANDUM RE: MOTION FOR RELIEF FROM JUDGMENT

**Baylson, J.**                                                                                                                    **February  26 , 2018**

Petitioner Raynard Graves has brought his second motion for relief from judgment made pursuant to Fed. R. Civ. P. 60(b) in this matter.

On August 20, 2010, the petition for *habeas corpus* relief filed in this matter was denied by this Court because it was untimely. (Order Approving Report and Recommendation, ECF 22.) In its Order adopting the Report and Recommendation, the Court determined there was no reason to equitably toll the applicable statute of limitations. (Id.)

On June 16, 2015, this Court denied a subsequent petition made pursuant to Fed. R. Civ. P. 60(b). (Order Denying Rule 60(b) Motion, ECF 28.) The Court noted in its Order that "[b]ecause Petitioner seeks relief from an allegedly incorrect procedural ruling, his motion is a true 60(b) motion rather than an unauthorized second or successive petition for *habeas corpus* relief," requiring a showing of extraordinary circumstances to merit relief under Gonzalez v. Crosby, 545 U.S. 524, 535 (2005), and Petitioner had not made the requisite showing.

Petitioner still has not established extraordinary circumstances meriting relief under Rule 60(b) in the instant motion.

Petitioner asserts that the instant motion is brought under Satterfield v. Dist. Attorney Philadelphia, 872 F.3d 152 (3d Cir. 2017), which considered the application of the Supreme

Court's decision in McQuiggin v. Perkins, 569 U.S. 383 (2013), to the case of a Pennsylvania inmate who had long protested his innocence but who had filed an untimely petition for *habeas corpus* in federal court. A brief discussion of these two cases follows.

In McQuiggin, the Supreme Court had held that "a convincing showing of actual innocence" could overcome the one-year statute of limitations for federal *habeas corpus* petitions mandated by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). 569 U.S. at 386. However, McQuiggin held that for the untimeliness of a habeas petition to be excused under the "fundamental miscarriage of justice exception" a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 386, 401 (internal quotations and citations omitted).

Four years later, in Satterfield, the Third Circuit reversed a district court's denial of a Rule 60(b) motion brought by a petitioner who claimed that McQuiggin was a change in law constituting extraordinary circumstances justifying relief under Rule 60(b)(6). 872 F.3d at 155. The Third Circuit remanded to the district court for consideration of "the full panoply of equitable circumstances" because the panel considered that the district court had not "articulate[d] the requisite equitable analysis." Id. It explained the proper analysis on remand:

> [T]he nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. McQuiggin implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had McQuiggin been decided when his petition was dismissed, equitable analysis would weigh heavily

2

in favor of deeming McQuiggin's change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b)(6) relief.

Id.

Despite his assertions to the contrary, Petitioner's claim still lacks merit. Neither Satterfield nor McQuiggin in any way altered the requirement of Gonzalez and previous cases that a petitioner seeking relief under Rule 60(b) must show extraordinary circumstances. Petitioner certainly has not made anything like what Satterfield described as the "required credible showing of actual innocence," save his unsworn, unclear, and self-serving assertions in the instant motion that he acted with justification in committing the offense of which he was convicted. (Mot. for Relief at 9, ECF 28.)

Therefore, there is no reason to disturb the Court's judgment of August 20, 2010 denying the petition for *habeas corpus* relief as untimely.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.

O:\CIVIL 09\09-4167 Graves v. Martinez\9cv4167 60(b) memo.docx